UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20868-cv-BLOOM/Otazo-Reyes

RANDY ZAPATA,

    Plaintiff,
v.

LA ESTRELLA DE ORO #8,

    Defendant.
_____/

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. ECF No. [3]. On March 3, 2023, Plaintiff filed a Complaint, ECF No. [1], but did not pay the required filing fee or file a Motion to Proceed *in Forma Pauperis* ("IFP"). The Court has carefully considered the Complaint, the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Complaint is dismissed, and his Motion is denied as moot.

Plaintiff has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The privilege of using the federal courts for free to right an individual civil wrong should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Congress has provided that a court "may authorize the commencement...or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefor, by a person who

submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez*, 364 F.3d at 1306 n.1 (interpreting statute to apply to all persons seeking to proceed IFP).

Further, 28 U.S.C. § 1915(e)(2) states in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Under § 1915(e)(2)(B)(i), a complaint may be dismissed if the court determines that the action is frivolous. Further, under section 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952, at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Case No. 23-cv-20868-cv-BLOOM/Otazo-Reyes

The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). The plaintiff is obligated to allege "more than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (internal citation and quotation marks omitted).

In this case, the Complaint alleges that "Plaintiff set aside a layaway for a bracelet at the store of La Estrella de Oro #8 and when [he] went to pay off and receive the bracelet was told that it was gone from package set in [sic] and they did not return the money deposited." ECF No. [1] at 4. Such allegations, without more, do not give Defendant fair notice of what the claim is and the grounds upon which it rests. As such, the Complaint is not plausible on its face and fails to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED AND ADJUDGED as follows.**

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED AS MOOT.**

Case No. 23-cv-20868-cv-BLOOM/Otazo-Reyes

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 6, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record
Randy Zapata
6905 N.W. 173rd Drive, Ste. 0205
Hialeah, Florida 331015